# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | |
|---|---|
| MARK A. JAMES, | ) CASE NO. 3:21-CV-00309-DAR |
|     Plaintiff, | ) JUDGE DAVID A. RUIZ<br>) UNITED STATES DISTRICT JUDGE |
| v. | ) MAGISTRATE JUDGE<br>) CARMEN E. HENDERSON |
| WARDEN LYNEAL WAINWRIGHT, | ) **REPORT AND RECOMMENDATION** |
|     Defendant, | ) |

## I. Introduction

This is before the Court on Respondent's motion to dismiss the petition as time barred (ECF No. 17) and pro se petitioner Mark James' motion to dismiss without prejudice or, alternatively, stay his petition (ECF No. 14). This is a habeas corpus action brought by a state inmate pursuant to 28 U.S.C. § 2254. James is an Ohio inmate currently serving a seven-year sentence for possession of heroin. This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on James' petition and other case-dispositive motions. Because James' petition was not timely filed, I recommend that the Court GRANT Respondent's motion to dismiss and DENY as moot James' motion to dismiss without prejudice.

## II. Relevant State Procedural History[1]

---

[1] The Court focuses on the dates of James' procedural history and not the facts. For a more thorough procedural history, see ECF No. 12.

James was indicted on January 26, 2015, for three counts of knowingly selling less than one gram of Heroin in violation of Ohio Rev. Code § 2925.03(A) and one count of knowingly possessing Heroin in an amount that equals or exceeds ten grams but is less than fifty grams in violation of Ohio Rev. Code. § 2925.11(A). (ECF No. 8-1, PageID #: 91). On September 25, 2015, James pled no-contest to possession of heroin. (ECF No. 8-1, PageID #: 121–24). On November 12, 2015, the court sentenced James to seven years in prison. (ECF No. 8-1, PageID #: 141).

On May 20, 2016, James filed a direct appeal, challenging the trial court's denial of his motion to suppress certain evidence. (ECF No. 8-1, PageID #: 158). On October 11, 2016, the Third District Court of Appeals affirmed the judgment of the trial court. *Ohio v. James*, 71 N.E.3d 1257, 1262 (Ohio Ct. App. 2016). James timely filed an appeal notice in the Ohio Supreme Court. (ECF No. 8-1, PageID #: 230). On July 5, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, PageID #: 258).

On August 31, 2018, James requested certain evidence designated "counsel only" from the clerk of courts. (ECF No. 8-1, PageID #: 259). The Court finds no response to this request. On November 26, 2018, James filed a pro se motion to withdraw his guilty plea under Ohio Criminal Rule 32.1, claiming manifest injustice, police misconduct, tampering with evidence, racial discrimination, falsified statements, unlawful entry, and compelling prostitution. (ECF No. 8-1, PageID #: 261–62). James alleged there was new evidence that showed he was innocent of the controlled buys that supported the warrant to search his apartment. (ECF No. 8-1, PageID #: 263). On July 31, 2019, the trial court overruled James's motion. (ECF No. 8-1, PageID #: 291).

James, with counsel, appealed the trial court's decision. On March 2, 2020, the Third District Court of Appeals affirmed the judgment of the trial court. *Ohio v. James*, No. 5-19-30, 2020 WL 995135 (Ohio Ct. App. Mar. 2, 2020). James timely filed a pro se appeal notice in the

Ohio Supreme Court. (ECF No. 8-1, PageID #: 367). On July 7, 2020, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, PageID #: 398).

On January 19, 2021, James filed a petition for habeas corpus in this court. In his petition, James asserts five grounds for relief:

> **Ground One:** 4th Amendment, Illegal Search and Seizure
> **Supporting Facts:** Hancock Co. Task Force conducted three controlled buys. [CI] Lydia A. O'Brien sign[ed] a sw[orn] notarize[d] affidavit July 6, 2018. [CI] said on 2/3/2015, on the 3rd controlled buy will show that, she acting as a state agent her police body camera will show, that she enter[ed] the home of Mark. A. James, uninvited unlawfully, and violated the privacy and seclusion of Mark A. James home and [] Det. Marcia Hill and Det. David Gonzalez, falsified the drug used to incriminate Mark A. James and this video and information was used to obtain a search warrant, which led to Count 4 possession. [CI] stated, also in her affidavit, that she never gave Mark the $ 200.00 and this video will show that she is stating the truth. I never saw or seen this video being that the State used Criminal Rule 16 to [designate] these exculpatory evidence as "Counsel Only". [CI] also stated, she enter[ed] my home without consent or knowledge. Fruit of the poisonous tree – this was an unlawful exploratory search of Mark A. James home, a complete violation of the 4th Amendment and Due Process 14th Amendment.
>
> **Ground Two:** 6th Amendment of the U.S. Const. Ineffective Assistance of Trial Counsel
> **Supporting Facts:** State of Ohio use[d] Crim.R. 16(C) to designate the 3rd control buy video and witness statement and other essential documents as "Counsel Only". Giving my attorney Kenneth Rexford (0064599) sole and complete access to discovery evidence that could have exonerated Mark. A. James. After receiving an affidavit from [the CI] who re[vealed] to Mark A. James her actions and inside this affidavit she provided a complete written description of what took place on this DVD video. Counsel['s] failure to investigate or inform Mr. James of the contents of police misconduct prejudiced me and cause[ed] great harm to the – no contest plea – Rather than file a motion to suppress or told Mr. James to plea no contest instead of going to trial. Trial counsel fail[ed] to play the necessary role to ensure that Mark A. James had a fair trial. Trial counsel fail[ed] to inform, and act on behalf of Petitioner. Trial counsel['s] failure to provide advice and

knowledge of the video images on the video constitute prejudice. This kind of prejudice impairs the knowing and voluntary[ness] also the intelligen[ce] of the plea, the nature of the no contest plea.

**Ground Three:** 14th Amendment of the U.S. Const. – Due Process violation and Equal Protection of the Law – Racial Discrimination
 **Supporting Facts:** In January of 2015, Metrich Officers of Hancock Co. Task Force made use of an undercover "State Agent" to investigate Mark. A. James and arranged three controlled buys, forming the basis for Count Four. Mark. A. James ple[d] no contest on 9/25/2015. In July 2018 Mark A. James received an affidavit from [the CI] stating the following, Herself and Det. Marcia Hill and Det. David Gonzales and other task force official fabricated statements, facts and evidence and also broke into Mark A. James home on 2/3/2015 and this Burglary was capture[d] on video. This video was used to obtain an illegal search warrant. This video also will show that the $ 200.00 mark[ed] money was never give[n] to Mark A. James nor was heroin purchase[d]. Marijuana was pick[ed] up and Det. Marcia Hill switch[ed] the drugs to make a heroin charge against Mark A. James. These officer[s] were racially motivated because of Mark A. James interracial relationship of the white female Shelby A. Ferguson. This action of law enforcement are prohibit[ed] against the 14th U.S. Const. Amendment.

**Ground Four:** 14th Amendment Due Process Violation. Trial Court did not give a complete and impartial hearing to the no contest plea
 **Supporting Facts:** Ohio R. Crim. P. 11(c)(E)(F) = require the trial court to conduct a specific inquiry to make sure that a no contest plea [is] made knowingly, voluntary, and intelligently. Prosecutor Elizabeth H. Smith, on behalf of the State, designate[d] video and witness statements, evidence as "counsel only" materials. The content and evidence were designated by the State using Crim.R. 16(C) to prevent Mr. James from cross examination and to view for himself that law enforcement officer [a CI] along with Det. David Gonzales use, force and stealth, and deception which Burglary R.C. 2911.12 (A). If Mark A. James ha[d] this information or knowledge during pre trial, I would ha[ve] never enter[ed] a – no contest plea -. I never knew anything about a video, I was told by my lawyer that it malfunction[ed], and this whole time my attorneys were in possession of the evidence, but would not share this knowledge with me. This action impinge[d] on my knowing of the facts, and intelligent, and also the voluntariness of the fact of the - no contest plea -. This constitute[s] an abuse of discretion by the court.

> **Ground Five:** Trial Court decision to deny Petitioner Crim. R. 32.1 Motion to withdraw his no contest plea, constituted an abuse of discretion
>
> **Supporting Facts:** A defendant is entitled to a hearing on a post sentence motion to withdraw his – no contest plea – when the material fact[s] he has submitted are true. The video is an eyewitness to police misconduct and [CI] is a res gestae witness to this case, which she has confess[ed] to violating Mr. James Constitutional 14th Due Process and 4th Amendment rights. Trial court ruled to make this evidence "Counsel Only". A defendant is entitled to discovery of relevant, written or recorded statement[s], to permit such conduct would [] undermine the purpose of the discovery rule and impinge on the defendant['s] right to a fair trial. Trial court judgment entry explicitly state[s] appellant offered no evidentiary materials beside [CI] affidavit and described it as a shotgun approach to establish manifest injustice, which establish[ed] trial court failed to properly consider the affidavit or address the video completely. Trial court never address[ed] the video evidence at all indicated it fail to account for all evidentiary material offered by Mr. James. Constituted an abuse of discretion. Trial court fail[ed] to use credibility, good faith and weight of the movant assertion or recantation of witness testimony.

(ECF No. 1-1).

Respondent filed the return of writ on August 27, 2021. (ECF No. 8). James has not filed a traverse. Instead, on September 21, 2021, James filed a motion to compel discovery (ECF No. 9), which the Court denied. (ECF No. 12). Then, on December 27, 2021, James filed a motion to dismiss or, alternatively, stay his petition. (ECF No. 14). Respondent opposed the motion. (ECF No. 15). On January 25, 2022, the undersigned ordered the parties to file simultaneous briefs explaining whether or not the petition was timely filed. (ECF No. 16).[2] On January 27, 2022,

---

[2] Before *sua sponte* dismissing a petition as time barred, a court "must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Respondent filed a motion to dismiss the petition as time barred. (ECF No. 17). James opposed the motion on February 17, 2022.³ (ECF No. 20).

## IV. Law and Analysis

### A. James' Petition is Barred by the Statute of Limitations

The AEDPA provides a one-year limitations period in a habeas action. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant matter, 28 U.S.C. § 2244(d)(1)(A) creates the relevant limitations period. Thus, to be timely, James was required to file his petition one year after his state court conviction became final—either through the conclusion of direct review or the expiration of the time for seeking review. The trial court sentenced James on November 12, 2015. James had 30 days to

---

³ James objects to the undersigned's order to brief whether the petition was timely filed. He argues that he "never showed or admitted an aggregation of true facts which would cause any court to entitle a person to initiate and prosecute a criminal action, rules cannot widen the jurisdiction of the district court, but may only prescribe methods by which that jurisdiction is to be exercised." (ECF No. 20 at 1–2). The undersigned does not understand James' argument, but notes that *Day v. McDonough*, 547 U.S. 198, 210 (2006) allows such an order.

appeal this decision to the Ohio Court of Appeals. Ohio App. R. 4(A). James did not appeal within 30 days and his conviction, therefore, became final on December 14, 2015.[4] James' time period began running the next day[5] and James was required to file his habeas petition one year later, on December 15, 2016. James did not file his habeas petition until January 19, 2021. Thus, James' habeas petition was over five years late when filed absent some tolling event.

      28 U.S.C. 2244(d)(2) allows for tolling the limitations period when a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. On May 20, 2016, James filed an untimely appeal to the Ohio Court of Appeals. An untimely appeal is not properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). However, because the court of appeals considered the merits of the appeal and did not discuss its untimeliness, the Court will assume this tolled the limitations period. Thus, the clock ran from December 15, 2015 to May 20, 2016, accounting for 157 days of James' time to file a petition.

      After the court of appeals affirmed the decision, James timely appealed the court of appeals decision to the Supreme Court of Ohio. The Supreme Court of Ohio declined jurisdiction over James' appeal on July 5, 2017. James had 90 days to appeal to the United States Supreme Court, which he failed to do. Sup. Ct. R. 13. James' opportunity to appeal to the Supreme Court expired on October 3, 2017, restarting the clock on the next day. James had 208 days remaining to file his

---

[4] Thirty days after November 12, 2015 was Saturday, December 12, 2015. When the last day to file is a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C). Therefore, James had until Monday, December 14, 2015 to file an appeal.

[5] When computing the time to file, the Court "exclude[s] the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A).

petition in federal court, giving him until April 30, 2018. James did not file his habeas petition until January 19, 2021.

Importantly, none of James' other filings would have tolled the limitations period. James public record request for "counsel only" evidence would not have tolled the habeas deadline because it is neither a post-conviction application nor an application for collateral review. On November 29, 2018, James filed a motion to withdraw his guilty plea.[6] This motion could not toll the limitations period because it was filed after the limitations period had already expired. *See Patterson v. Lafler*, 455 F. App'x 606, 608 (6th Cir. 2012) ("A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired." (citations omitted)).

Moreover, in an abundance of caution, the Court will also consider the timeliness of the petition assuming James' appeal to the Ohio Court of Appeals was timely[7] and the clock did not begin to run until after he exhausted his appeals. Assuming James timely appealed both to the Ohio Court of Appeals and Ohio Supreme Court, the clock began to run after the expiration of time to appeal to the United States Supreme Court. The Supreme Court of Ohio declined jurisdiction over James' appeal on July 5, 2017. James had 90 days to appeal to the United States Supreme Court, which he failed to do. Sup. Ct. R. 13. James' opportunity to appeal to the Supreme Court expired on October 3, 2017. The clock began to run on October 4, 2017. James had until October 4, 2018 to file a habeas petition. James did not do so until January 19, 2021. For the same reasons as stated

---

[6] Respondent incorrectly states that the motion to withdraw the guilty plea was filed on August 13, 2018. It was filed on November 29, 2018. (ECF No. 8-1, PageID #: 261).

[7] As noted above, the Ohio Court of Appeals considered the merits of the appeal and did not discuss its untimeliness.

above, neither of the James' other filings would have tolled the limitations period. The public record request for "counsel only" evidence would not have tolled the habeas deadline because it was neither a post-conviction application nor an application for collateral review. James motion to withdraw his guilty plea—filed on November 29, 2018—could not toll the limitations period because it was filed after the limitations period had expired. Accordingly, in either scenario, James failed to file his habeas petition within the limitations period governing habeas cases.

### B. James is not Entitled to Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling. *See Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). To be entitled to equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citations and quotations marks omitted). Such relief "should only be granted sparingly." *Souter*, 395 F.3d at 588 (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–62 (6th Cir. 2000). A credible showing of actual innocence is grounds for granting equitable tolling. *Steward v. Wilson*, 555 F. Supp. 2d 858, 870–71 (N.D. Ohio 2006). "The petitioner bears the burden of demonstrating he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citations omitted).

James does not argue that he is entitled to equitable tolling.[8] On its own review, the Court does not find some extraordinary circumstance that stood in James' way and prevented timely

---

[8] James simply argues that after his "pro forma criminal trial, James discovered" that Ohio rules foreclosed all appeals. It is not clear what trial James refers to or how the appeals were

filing this petition. The fact that he is pro se is not enough. "A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or legal materials do not provide sufficient justification to apply equitable tolling of the statute of limitations." *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016). Additionally, James has not demonstrated a credible showing of actual innocence as he has provided no evidence of actual innocence. The undersigned, therefore, finds no reason to recommend a grant of equitable tolling.

The undersigned notes that before dismissing a petition as time barred, "the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Day v. McDonough*, 547 U.S. 198, 210 (2006). The undersigned concludes that James is not significantly prejudiced by the delayed focus on the limitation issue. James had an opportunity to argue why his petition should not be dismissed. *See id.* (finding no prejudice where the magistrate judge gave the petitioner "due notice and a fair opportunity to show why the limitation period should not yield dismissal of the petition"). There is no indication in the record that Respondent "strategically" withheld the defense. *See id.* It has been more than six months since Respondent filed the Return of Writ and James has not filed a traverse. No action has occurred in this case that would prejudice James. *See id.* (concluding that there was no prejudice in similar circumstances). Moreover, as discussed in the undersigned's order on James' request for discovery (ECF No. 12), his grounds for relief are not cognizable or

---

foreclosed. James does not point to some extraordinary circumstances as required for equitable tolling. Additionally, James "moves this Court to" issue a writ "in aid to it's jurisdiction." (ECF No. 20 at 4). It is unclear what James asks of the Court and any request is not well taken.

without merit.[9] The undersigned finds that the interests of justice are better served by dismissing the petition as time barred. There is no reason to allow this untimely petition to continue further. Accordingly, James' petition should be dismissed as time barred.

Because the undersigned recommends granting Respondent's motion to dismiss, James' motion should be denied as moot.

V.      **Certificate of Appealability**

   A.      **Legal Standard**

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

   B.      **Analysis**

James' habeas petition is barred by the statute of limitations. If the Court accepts the foregoing recommendation, then James has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue James a certificate of appealability.

---

[9] The referenced motion required the undersigned to review all but one of James' grounds for relief.

## VI. Recommendation

For the reasons stated above, the undersigned recommends that the Court GRANT Respondent's motion, dismiss the petition as time barred, and DENY as moot James' motion to dismiss without prejudice.

Dated: March 11, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530–31 (6th Cir. 2019)