**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK A. JAMES, | ) | CASE NO.: 3:21-cv-00309 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, | ) | |
| *Warden*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge

Carmen E. Henderson. (R. 21). On February 5, 2021, Mark A. James (Petitioner), *pro se*, filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (R. 1). On August 27, 2021,

Respondent filed the Return of Writ. (R. 8). On December 27, 2021, Petitioner filed a Motion to

Request Dismiss without Prejudice.[1] (R. 14). On January 25, 2022, the Magistrate Judge issued

an order instructing the parties to "file simultaneous briefs explaining whether or not the petition

met the statute of limitations requirement no later than February 25, 2022." (R. 16). On January

27, 2022, Respondent filed a Motion to Dismiss the Petition as Time-Barred. (R. 17). Petitioner

---

[1] The motion asserted that Petitioner had come across new evidence of police misconduct, and
that he planned on taking action in the state courts. (R. 14, PageID# 585).

filed a brief in opposition on February 17, 2022. (R. 20).

On March 11, 2022, the Magistrate Judge issued her Report and Recommendation (R&R), recommending the Court grant Respondent's motion to dismiss the petition as time-barred and to deny as moot Petitioner's motion to dismiss without prejudice. (R. 21). Petitioner filed objections to the R&R on March 31, 2022.[2] (R. 22).

### I. Standard of Review for a Magistrate Judge's Report and Recommendation

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). By failing to file *specific* objections to a report and recommendation, a party forfeits any challenge to the report and recommendation and forfeits the "right to appeal the unobjected-to issues." *Shophar v. Gyllenborg*, 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019) (citations omitted). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted); *United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review de novo objections that are merely an attempt to

---

[2] On April 20, 2022, Petitioner filed a "Request for Leave to expand the Records." (R. 23). Plaintiff's request is difficult to comprehend, but does not appear to have any bearing on the statute of limitations issue. As such, it is DENIED as moot. A "traverse" filed the same day also appears to have no bearing on the R&R's recommendation that the petition be dismissed as time-barred. (R. 24).

have the district court reexamine the same arguments set forth in the petition and briefs.")

### III. State Procedural History

The R&R set forth the following procedural history of this matter, which neither party

has disputed:

> [On January 26, 2015,] James was indicted […] for three counts of knowingly selling less than one gram of Heroin in violation of Ohio Rev. Code § 2925.03(A) and one count of knowingly possessing Heroin in an amount that equals or exceeds ten grams but is less than fifty grams in violation of Ohio Rev. Code § 2925.11(A). (ECF No. 8-1, PageID #: 91). On September 25, 2015, James pled no-contest to possession of heroin. (ECF No. 8-1, PageID #: 121–24). On November 12, 2015, the court sentenced James to seven years in prison. (ECF No. 8-1, PageID #: 141).

> On May 20, 2016, James filed a direct appeal, challenging the trial court's denial of his motion to suppress certain evidence. (ECF No. 8-1, PageID #: 158). On October 11, 2016, the Third District Court of Appeals affirmed the judgment of the trial court. *Ohio v. James*, 71 N.E.3d 1257, 1262 (Ohio Ct. App. 2016). James timely filed an appeal notice in the Ohio Supreme Court. (ECF No. 8-1, PageID #: 230). On July 5, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, PageID #: 258).

> On August 31, 2018, James requested certain evidence designated "counsel only" from the clerk of courts. (ECF No. 8-1, PageID #: 259). The Court finds no response to this request. On November 26, 2018, James filed a *pro se* motion to withdraw his guilty plea under Ohio Criminal Rule 32.1, claiming manifest injustice, police misconduct, tampering with evidence, racial discrimination, falsified statements, unlawful entry, and compelling prostitution. (ECF No. 8-1, PageID #: 261–62). James alleged there was new evidence that showed he was innocent of the controlled buys that supported the warrant to search his apartment. (ECF No. 8-1, PageID #: 263). On July 31, 2019, the trial court overruled James's motion. (ECF No. 8-1, PageID #: 291).

> [On September 3, 2019,] James, with counsel, appealed the trial court's decision.[3] On March 2, 2020, the Third District Court of Appeals affirmed the judgment of the trial court. *Ohio v. James*, No. 5-19-30, 2020 WL 995135 (Ohio Ct. App. Mar. 2, 2020). James timely filed a pro se appeal notice in the Ohio Supreme Court. (ECF No. 8-1, PageID #: 367). On July 7, 2020, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, PageID #: 398).

---

[3] *State v. James*, 2020-Ohio-720 at ¶6, 2020 WL 995135 at *1 (Ohio Ct. App. Mar. 2, 2020).

On January 19, 2021, James filed a petition for habeas corpus in this court. (R. 21, PageID# 617-18).

### IV. Analysis

Petitioner's objections do not challenge the R&R's determination that the petition was untimely in any meaningful manner, nor does it set forth any argument that would allow the court to equitably toll the statute of limitations. Thus, the Court finds Petitioner has forfeited any challenge to the R&R's determination that the petition was untimely.

Alternatively, despite the lack of specific objections, the Court has conducted a *de novo* review of the R&R and accepts all of its recommendations. The R&R found that even if it overlooked Petitioner's failure to timely file a direct appeal and assumed for the sake of argument that the statute of limitations did not commence until October 4, 2017—ninety days after the Ohio Supreme Court issued its decision and the time to seek *certiorari* expired—the present petition would still be untimely. (R. 21, PageID# 623). Indeed, over three years elapsed until petitioner placed his petition in the prison mailing system on January 19, 2021. (R. 1, PageID# 15).

While recognizing that 28 U.S.C. 2244(d)(2) allows for tolling the limitations period when a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, the Magistrate Judge determined that Petitioner's public record request made pursuant to O.R.C. § 149.43 for certain evidence designated "counsel only" from the clerk of courts (R. 8-1, PageID# 259)—filed on August 31, 2018—had no tolling effect, because it did not constitute an application for post-conviction or other collateral review. (R. 21, PageID# 624). The Court agrees. The Court is unaware of any precedent that considers

4

such a request for documents as constituting an application for post-conviction or other collateral review. Moreover, there are other decisions that have found such requests do not merit statutory tolling under the AEDPA. *See, e.g., Fox v. Smith*, No. 3:14CV53-MPM-JMV, 2015 U.S. Dist. LEXIS 5162, at *7 (N.D. Miss. Jan. 14, 2015) (finding that a state court "motion seeking documents does not constitute a state motion for post-conviction collateral relief as contemplated by 28 U.S.C.A. §2244(d). Therefore, Fox is not entitled to statutory tolling for the pendency of the motion for documents."); *Bailey v. Rader*, No. 09-3757, 2010 U.S. Dist. LEXIS 86789, at *5 (E.D. La. Aug. 23, 2010) ("A request for documents does not, without more, become a petition for collateral review because it is not an attack on the conviction or sentence."); *Roman v. Artuz,* 00 CIV. 1400 (DLC), 2000 U.S. Dist. LEXIS 2553, at *2 (S.D.N.Y. Mar. 6, 2000) (finding a petitioner's request under a state's Freedom of Information Law did not constitute collateral review and, therefore, did not toll the AEDPA's statute of limitations).

The R&R also correctly found that Petitioner's next state court filing, his motion to withdraw his guilty plea filed on November 29, 2018, could not toll the statute of limitations that had already expired on October 4, 2018. (R. 21, PageID# 624). State post-conviction filings, even if timely, cannot serve to toll a statute of limitations that has already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Finally, the R&R correctly determined that it is the petitioner that bears the burden of demonstrating he is entitled to equitable tolling (R. 21, PageID# 624, *citing McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)), but that Petitioner had failed to develop any argument that he was entitled to such tolling.

## V. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error,

5

and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 21) is hereby ADOPTED and Respondent's Motion to Dismiss the petition as time-barred (R. 17) is GRANTED. Petitioner's Motion to Dismiss without prejudice (R. 14) and "Request for Leave to expand the Records" (R. 23) are DENIED as moot.

The matter is hereby DISMISSED as time-barred.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: August 22, 2022

6